UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

GREG MAHAN, individually, and JUDY
MAHAN, individually,

                    Plaintiffs,

-vs-                              Case No.  5:14-cv-109-Oc-10PRL

SUNTRUST MORTGAGE, INC.,
FEDERAL NATIONAL MORTGAGE
ASSOCIATION, and MORTGAGE
ELECTRONIC REGISTRATION
SYSTEMS, INC.,

                    Defendants.

_____/

## ORDER DISMISSING CASE

Plaintiffs Greg Mahan and Judy Mahan, both proceeding *pro se*, have filed a three-count Amended Complaint against Defendants Suntrust Mortgage, Inc. ("Suntrust"), Federal National Mortgage Association ("Fannie Mae"), and Mortgage Electronic Registration Systems, Inc. ("MERS") (Doc. 25).  The Mahans seek a declaration that the Defendants have no right, title or interest in a mortgage that encumbers a parcel of property located in Lake County, Florida.  The Mahans also seek a declaration that they are the owners of the property, and request punitive damages.  In other words, the substance of the Amended Complaint alleges a claim to quiet title.  This Court has jurisdiction pursuant to 28 U.S.C. § 1332 based upon diversity of citizenship.

The case is now before the Court on the Defendants' Dispositive Motion to Dismiss Plaintiffs' Amended Complaint (Doc. 26), to which the Plaintiffs have filed a response in opposition (Doc. 27).  Upon due consideration, and for the reasons discussed below, the Court finds that the motion to dismiss is due to be granted.  The Amended Complaint will be dismissed without leave to amend, and judgment will be entered accordingly.

## Facts Alleged in the Ameded Complaint

The following facts can be discerned from the Plaintiffs' factual allegations and exhibits attached to the Amended Complaint.[1]  (Doc. 25).

Plaintiffs Greg and Judy Mahan are residents of Lake County, Florida, and the owners of a parcel of real property located in that County, (the "Subject Property") with the address of 11911 Elbert Street, Clermont, Florida.  The Subject Property contains a single family residence and is legally described as:

> LOT 23 TOGETHER WITH AN UNDIVIDED FRACTION INTEREST IN LOT 8, CASHWELL MINNEHAHA SHORES, ACCORDING TO THE MAP OR PLAT THEREOF AS RECORDED IN PLAT BOOK 23, PAGE(S) 56, PUBLIC RECORDS OF LAKE COUNTY, FLORIDA.

---

[1]The Plaintiffs have attached to their Complaint numerous documents, including a warranty deed and mortgage (Doc. 25, Exs. A-D) – the same documents attached to the original complaint. These documents are referenced throughout the Amended Complaint, and have been incorporated by reference into the Plaintiffs' claims.  The Court may therefore consider these documents in ruling on the Defendants' motion to dismiss without transforming the motion into a motion for summary judgment.  See Fed. R. Civ. P. 10(c); Starships Enterprises of Atlanta, Inc. v. Coweta County, Ga., 708 F.3d 1243, 1252, n. 13 (11th Cir. 2013); SFM Holdings, Ltd. v. Bank of Am., Sec., LLC, 600 F.3d 1334, 1337 (11th Cir. 2010); Horsley v. Feldt, 304 F.3d 1125, 1134 (11th Cir. 2002).

The Mahans allege that they are the sole legal title holders of the Subject Property and residence by virtue of a Warranty Deed they executed as grantees on August 31, 2007.  The Warranty Deed was properly recorded on September 5, 2007 in the Public Records of Lake County, Florida, Book 03502, Page 0708, Instrument Number 2007119463 (Doc. 25, Ex. A).

Also on August 31, 2007, the Mahans entered into a 30-year Note and Mortgage with Suntrust in the amount of $235,000.00 (Doc. 25, Ex. B, Doc. 2, Ex. B).[2]  The Mortgage encumbers the Subject Property, and was recorded on September 5, 2007 in the Public Records of Lake County, Florida in Book 03502, Page 0709-728, Instrument Number 2007119464.  (Id.).  The Note and Mortgage states that Suntrust is the lender, MERS is the mortgagee, and that MERS is acting as a nominee for Suntrust.  (Id.).  It also appears that MERS is the servicer of the Note and Mortgage (Doc. 25, Ex. D).

Fannie Mae acquired the Note and Mortgage from Suntrust on or about October 1, 2007 (Doc. 25, Ex. C).  The Mahans allege that Fannie Mae purchased an interest in the Note and Mortgage and delivered that interest into a specific Fannie Mae Trust which controls the Mortgage. (Id., ¶ 14).  The Mahans further allege that the transfer

---

[2]The Mahans have only attached the first 8 pages of the Mortgage to their Amended Complaint (Doc. 25, Ex. B).  However, the entire Mortgage with exhibits is attached to the original Complaint (Doc. 2, Ex. B), and the Court will rely on this complete version of the Mortgage as necessary.

of rights to the Note and Mortgage from Suntrust to the Fannie Mae Trust was not memorialized in the Official Records of Lake County, Florida.

The Mahans assert three claims against the Defendants.  The first is entitled a claim for Declaratory Relief.  In that claim, the Mahans make the following conclusory allegations: (1) that Suntrust does not have standing in law or equity to make a claim against the Note and Mortgage; (2) that the beneficial interest in the Note and Mortgage was not properly assigned to Fannie Mae; (3) that the failure to file the "proper negotiation" of the Note and Mortgage with the Lake County Recorder resulted in a failure to perfect the security interest in the Note and Mortgage pursuant to Fla. Stat. § 679.3121; (4) that the Defendants failed to comply with Fla. Stat. § 673.2013 concerning the transfer of instruments and Fla. Stat. § 677.501 concerning the negotiation for tangible and electronic title documents; and (5) as a result, Fannie Mae cannot enforce the Note and Mortgage and has no rights to it.  (Doc. 25, ¶¶ 2-10).

The next claim is entitled "Violation of Federal Law," and purports to allege violations of the Truth in Lending Act, 15 U.S.C. § 1641(g), and 18 U.S.C. § 1021.  In sum, the Mahans contend that when Fannie Mae obtained the Note and Mortgage and placed it in a trust, "multiple classes of the [Fannie Mae] Trust have made and continue to make claims of interest in the rights to the Plaintiffs' Mortgage Loan.  To exercise claims of right to the Mortgage Loan, proper assignments should have been prepared and recorded."  (Doc. 25, ¶¶ 14-15).  The Mahans allege that the transfer of the Note and Mortgage from Suntrust to these "multiple classes of the [Fannie Mae] Trust" was

never recorded in the Official Records of Lake County, Florida, and therefore is invalid. According to the Mahans, the absence of such recorded assignments means that "either there has been a violation of Federal Law or multiple classes of the [Fannie Mae] Trust, . . . are not the owners of either the Plaintiffs' Note or Mortgage." (Id., ¶ 17). The Mahans lastly allege that any electronic transfers of the Note and Mortgage that were not properly recorded are therefore void and the entire Mortgage is unenforceable.

The Mahans' third claim is entitled "Breach of Contract" and consists of two sentences.  The Mahans allege that Suntrust "failed to release" the Note and Mortgage upon payment of the underlying sum in full to Fannie Mae.  (Doc. 25, ¶¶ 23-24).

At the conclusion of their Complaint, the Mahans ask for relief in the form of a judgment that:  (1) declares that none of the Defendants can make a lawful claim to the Note and Mortgage; (2) declares that the Fannie Mae Trust does not have any right, title or interested in the Note and Mortgage; (3) declares that the Mahans are the owners of the Subject Property; and (4) awards the Mahans punitive damages.  (Doc. 25, ¶¶ 27-34).

## Procedural History

The Mahans initiated this litigation by filing a Quiet Title Complaint against the Defendants on December 13, 2013 (Doc. 2).  The Complaint was originally filed in  the Fifth Circuit Court in and for Lake County, Florida, and on February 18, 2014, the

Defendants jointly removed the case to this Court (Doc. 1) pursuant to 28 U.S.C. § 1332 based upon diversity of citizenship. The Quiet Title Complaint purported to allege four legal theories: (1) a claim for "Misrepresentation;" (2) a claim of "Conspiracy to Defraud;" (3) a claim for "Breach of Contract" based on the purported unlawful conversion of the Note and Mortgage into securities; and (4) a claim that "The Mortgage Does not Secure the Mortgage Note."

The Defendants moved to dismiss the Complaint (Doc. 4), and the Court granted the motion on September 12, 2014 (Doc. 17).  The Court dismissed the Complaint without prejudice, and gave the Mahans 20 days to file an amended pleading.  In that Order, the Court explained to the Mahans that any amended pleading must allege claims that do not run afoul of Fed. R. Civ. P. 11, and expressly stated that

> The amended complaint shall not serve as a opportunity to add new claims.  Rather, this represents a chance for the Plaintiffs to remedy the pleading deficiencies identified herein.  Specifically, if the Plaintiffs reallege their quiet title claim, such claims cannot be based on any theory the Defendants have failed to provide the Plaintiffs with a copy of the "wet ink" Note or Mortgage, or that the Defendants have failed to provide written proof that they actually lent monies to the Plaintiffs.  The Plaintiffs also may not allege any quiet title claim based on the securitization of the Note and Mortgage, or the assignment of either document to another entity.  The Plaintiffs also may not use this Amended Complaint to reassert a breach of contract claim based on the purported securitization of the Note and Mortgage.
>
> If the Plaintiffs file an amended complaint that fails to comply with Fed. R. Civ. P. 11, the Court may consider sanctions against the Plaintiffs.  See Fed. R. Civ. P. 11(c).  Failure to file an amended complaint within this time period will result in the dismissal of this case without further notice.  No extensions of time will be granted.

(Doc. 17, p. 20).

The Mahans did not file an amended complaint or otherwise respond to the Court's order.  As such, on October 20, 2014, the Court dismissed this case with prejudice (Doc. 19).  Judgment was entered the following day (Doc. 20).

On October 20, 2014, after the Court had entered its order dismissing the case but before Judgment was entered, the Clerk's office received in the mail two documents from the Plaintiffs: (1) an Affidavit for Non-Service of Verified Complaint (Doc. 21); and (2) a "Motion for Relief of the Court's Entered Order of September 12, 2014 that Granted Defendants' Motion to Dismiss" (Doc. 22).[3]  Both documents stated that the Mahans did not receive the Court's Order of September 12, 2014 until after the time to file an amended complaint expired, and requested that the Court provide the Mahans with additional time to file an amended complaint.

On November 17, 2014, the Court granted the Mahans the requested relief (Doc. 23), vacated the prior order and judgment of dismissal (Docs. 19-20), and provided the Mahans with an additional 30 days to file their amended pleading.  The Mahans filed their Amended Complaint on December 15, 2015 (Doc. 25), and On December 29, 2014, the Defendants filed the presently pending motion to dismiss (Doc. 26).  The Mahans late-filed their opposition on February 17, 2015 (Doc. 27).

───────────────────

[3]Unfortunately these documents were not placed on the Court's docket until October 23, 2014, and the Court was therefore not aware of them until after the case had been dismissed and judgment was entered.

## **Standard of Review**

In passing on a motion to dismiss under Rule 12(b)(6), the Court is mindful that "[d]ismissal of a claim on the basis of barebones pleadings is a precarious disposition with a high mortality rate." Int'l Erectors, Inc. v. Wilhoit Steel Erectors Rental Serv., 400 F.2d 465, 471 (5th Cir. 1968).  For the purposes of a motion to dismiss, the Court must view the allegations of the complaint in the light most favorable to plaintiff, consider the allegations of the complaint as true, and accept all reasonable inferences that might be drawn from such allegations.  Speaker v. U.S. Dep't of Health & Human Servs., 623 F.3d 1371, 1379 (11th Cir. 2010); Jackson v. Okaloosa County, Fla., 21 F.3d 1532, 1534 (11th Cir.1994).  Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations of the complaint.  Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007).

In order to avoid dismissal, a complaint must allege "enough facts to state a claim to relief that is plausible on its face" and that rises "above the speculative level." Speaker, 623 F.3d at 1380 (citing Twombly, 550 U.S. at 570, 127 S. Ct. at 1964–65, 1974).  A claim is facially plausible "'when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'"  Id.  (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009)).  The plausibility standard requires that a plaintiff allege sufficient facts to nudge his "claims across the line from conceivable to plausible." Twombly, 550

U.S. at 570, 127 S. Ct. at 1974.  However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." Ashcroft, 556 U.S. at 678, 129 S. Ct. at 1949.  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Id. (citing Twombly, 550 U.S. at 555, 127 S. Ct. at 1964-65).

"Pro se pleadings are held to a less strict standard than pleadings filed by lawyers and thus are construed liberally."  Alba v. Montford, 517 F.3d 1249, 1252 (11th Cir. 2008).  This liberal construction, however, "does not give a court license to serve as de facto counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action."  GJR Invs., Inc. v. Cnty. of Escambia, Fla., 132 F.3d 1359, 1369 (11th Cir. 1998) (citations omitted), *overruled on other grounds*, see Randall v. Scott, 610 F.3d 701, 709 (11th Cir. 2010).  Pro se parties are still required to comply with minimum pleading standards set forth in the Federal Rules of Civil Procedure and this District's Local Rules.  See Grew v. Hopper, No. 2:07–cv–550–FtM–34SPC, 2008 WL 114915, at *2 (M.D. Fla. Jan. 9, 2008); Beckwith v. Bellsouth Telecomms., Inc., 146 F. App'x 368, 371 (11th Cir. 2005).

## Discussion

The Mahans' Amended Complaint is due to be dismissed for several reasons. First, the Amended Complaint directly violates the Court's September 12, 2014 Order (Doc. 17).  In that Order, the Court clearly and unequivocally stated that the Mahans "shall not" add new claims, but rather should file an amended pleading that properly alleges a quiet title and/or breach of contract claim.  (Id., pp. 19-20).  The Mahans did not heed the Court's instructions.  Instead, the Mahans' Amended Complaint now asserts violations of various state and federal statutes, and alleges, without any factual support, that the Defendants have no claim to the Note and Mortgage.  For this reason alone, the Amended Complaint is subject to dismissal.

Second, the Amended Complaint is due to be dismissed because it is an impermissible "shotgun pleading" in violation of Fed. R. Civ. P. 8 and 10.  A shotgun complaint "contains several counts, each one incorporating by reference the allegations of its predecessors, leading to a situation where most of the counts . . . contain irrelevant factual allegations and legal conclusions." Strategic Income Fund, L.L.C. v. Spear, Leeds, & Kellogg Corp., 305 F.3d 1293, 1295 (11th Cir. 2002). See also Cramer v. State of Florida, 117 F.3d 1258, 1263 (11th Cir. 1997).  The Mahans' Amended Complaint does just this – they incorporate by reference every prior paragraph in both the Declaratory Judgment and Breach of Contract claims.  (Doc. 25, pp. 3-4, 6).  All three claims are also vague and ambiguous in that they do not identify

the specific Defendant or Defendants who are liable for the alleged wrongdoing specified in each claim.

Lastly, each of the three claims asserted in the Amended Complaint fails on its merits. Under the most liberal construction of the Amended Complaint, it appears that the Mahans are again attempting to quiet title to the Subject Property and to void the Note and Mortgage. As the Court previously explained to the Mahans (Doc. 17, pp. 8-9), to state a claim to quiet title in Florida, the Mahans must not only allege plausible facts showing their title to the land at issue, but also plausible facts showing that a cloud exists. Stark v. Frayer, 67 So. 2d 237, 239 (Fla. 1953); Lane v. Guaranty Bank, 552 Fed. Appx. 934, 936 (11th Cir. 2014). "Not only must the matter which constitutes the alleged cloud be shown, but facts must be alleged which give the claim apparent validity as well as those which show its invalidity." Id. (citations omitted). See also McDaniel v. McElvy, 108 So. 820, 830 (Fla. 1926) ("Thus, if the suit is brought to remove a particular cloud, the facts which show the existence – actual, apparent, or potential – of that cloud are essential parts of the complainant's cause of action, and must be alleged.") (citation omitted); Trustees of Internal Imp. Fund of Fla. v. Sutton, 206 So. 2d 272, 274 (Fla. Dist. Ct. App. 1968) ("It is well settled that he who comes into equity to get rid of a cloud upon his own title must show clearly the validity of his own title and the invalidity of his opponents.").

While it can be reasonably inferred from the Amended Complaint that the Mahans have a valid fee simple title in the Subject Property via the recorded Warranty

Deed, there are no set of facts alleged that could plausibly be interpreted – even under the most lenient of readings – to show a valid cloud to the title on the Subject Property.

## A.   Declarative Relief Claim

In their Declaratory Relief claim, the Mahans' first argue that the Note and Mortgage are invalid, and that a cloud exists to their title, because Suntrust did not properly record its transfer of the Note and Mortgage to Fannie Mae as required by Fla. Stat. §§ 679.3121, 673.2013, and 677.501.  This argument fails because the Mahans have not alleged anything other than their own unsupported, subjective belief that the failure to record a transfer or assignment rendered the Note and Mortgage invalid. Such subjective beliefs do not rise to the level of stating a claim that is "plausible on its face."  Iqbal, 556 U.S. at 678.

The Mahans' unsupported beliefs also run contrary to the law of Florida, which provides that an improper and/or unrecorded assignment does not disturb the validity of the underlying mortgage.  Helman v. Udren Law Offices, P.C., 2015 WL 1565335 at * 4 (S.D. Fla. Apr. 8, 2015); Taylor v. Bayview Loan Servicing, LLC, 74 So. 3d 1115 (Fla. Dist. Ct. App. 2011).  As the Eleventh Circuit stated:

> From the point of view of the mortgagor or someone standing in his shoes, a subsequent assignment of the mortgagee's interest – whether recorded or not – does not change the nature of the interest of the mortgagor or someone claiming under him.   Nor should a failure to record any subsequent assignment afford the mortgagor or the trustee standing in his shoes an opportunity to avoid the mortgage.

In re Halabi, 184 F.3d 1335, 1338 (11th Cir. 1999).  Florida is a lien theory state, and title remains vested in the mortgagor.  See Luneke v. Becker, 621 So. 2d 744, 746 (Fla. Dist. Ct. App. 1993).  The lien remains valid until it is satisfied or barred by Florida's statute of repose.  See Fla. Stat. § 95.281(1).

The statutes cited by the Mahans are equally unavailing.  Florida Statute § 679.3121 applies to the "[p]erfection of security interests in chattel paper, deposit accounts, documents, goods covered by documents, instruments, investment property, letter-of-credit rights, and money" none of which apply in this case.  See also Lane v. Guaranty Bank, 2014 WL 1088307 at * 4 (M.D. Fla. Mar. 20, 2014).  Sections 673.2031 and 677.501 also do not provide the Mahans any relief.  The first section merely states that "[a]n instrument is transferred when it is delivered by a person other than its issuer for the purpose of giving to the person receiving delivery the right to enforce the instrument."  Fla. Stat. § 673.2031(1).  The second provides the rules for negotiable tangible documents of title, including that "[a]fter the named person's indorsement in blank or to bearer, any person may negotiate the document by delivery alone."  Fla. Stat. § 677.501(1)(a).  Neither section provides that a mortgage can be declared null and void based on a failure to record an assignment or transfer.  And viewing the facts alleged in the Amended Complaint in the light most favorable to the Mahans, it appears that the Defendants complied with these sections in any event.

It also bears repeating that the Court previously rejected this failure to record argument in its September 12, 2014 Order:

Moreover, the law of Florida clearly holds that a transfer of the note carries with it the transfer of the mortgage. <u>Johns v. Gillian</u>, 184 So. 140, 143 (Fla. 1938) ("If the note . . . be transferred without any formal assignment of the mortgage, or even a delivery of it, the mortgage in equity passes as an incident to the debt, unless there be some plain and clear agreement to the contrary, if that be the intention of the parties."); <u>Taylor v. Bayview Loan Servicing, LLC</u>, 74 So. 3d 1115, 1118 (Fla. Dist. Ct. App. 2011) ("[The assignee] also became the equitable owner of the mortgage when [the assignor] endorsed the note to [the assignee] because the ownership of the mortgage followed the note."). Further, as alleged in the Complaint itself, the note and mortgage were assigned to Fannie Mae on October 1, 2007 (Doc. 2, ¶ 12 and Ex. C). Therefore, Fannie Mae now holds both the Note and the Mortgage and thus a valid claim to title. <u>See</u> <u>Pullar</u>, 2013 WL 2342147 at * 2.

(Doc. 17, p. 12). Dismissal of the Declaratory Judgment claim will be granted.

## B.    <u>The Violation of Federal Law Claim</u>

The Mahans' Violation of Federal Law claim is also based on their theory that the failure to record the assignment of the Note and Mortgage from Suntrust to Fannie Mae, and, in turn to the "multiple classes of the Fannie Mae Trust," constitutes either a violation of federal law or rendered the assignment invalid. The Court has already held – twice – that recording an assignment is not necessary in order to enforce a security instrument such as a mortgage. Moreover, neither of the two federal statutes cited by the Mahans – 15 U.S.C. § 1641(g) and 18 U.S.C. § 1021 – require that a

transfer of a mortgage be recorded in order to be valid.[4]  The Violation of Federal Law

Claim will be dismissed.

## C.    Breach of Contract Claim

The Mahans' third and final attempt to avoid the Note and Mortgage is the

assertion of a breach of contract claim based on one alleged fact:  that Suntrust failed

to release the Note and Mortgage upon payment by Fannie Mae (Doc. 25, ¶ 24).  The

Mahans have not alleged any of the elements of a claim for breach of contract, see

Rollins, Inc. v. Butland, 951 So. 2d 860, 876 (Fla. Dist. Ct. App. 2006), and this claim

is due to be dismissed for this reason alone.  Moreover, even though the Mahans have

entitled this claim as one for breach of a contract, the Mahans are actually reasserting

an argument the Court previously addressed, and rejected, in its September 12, 2014

Order:

> Lastly, the Mahans appear to contend that they should be given title
> to their home because the mortgage was "paid in full" when the original
> lender – Suntrust – sold the loan note for their home to Fannie Mae in
> October 2007.  The Mahans also argue that a cloud exists on their title
> because the various assignments of the Note and Mortgage have made
> it unclear which entity is the actual owner of the Note and Mortgage.  This
> argument was addressed in Rhodes v. JPMorgan Chase Bank, N.A., No.
> 9:12-cv-80368-KAM, 2012 WL 2504043 (S.D. Fla. Jun. 28, 2012).  In
> Rhodes, the plaintiff filed a quiet title action and sought a declaratory
> judgment based on allegations that he did not know to whom he should

---

[4]15 U.S.C. § 1641(g), a section of the Truth In Lending Act, provides that within 30 days
of a transfer or assignment of a mortgage, the new owner or assignee of the debt must notify the
borrower in writing of the transfer or assignment.  18 U.S.C. § 1021 is a criminal statute that
provides that any person who is authorized to record a conveyance of real property who falsely
records such a conveyance may be fined and/or imprisoned for up to five years.

pay his mortgage because it was unclear which entity held his original promissory note.  He further alleged that the defendants had been paid in full on the promissory note as a result of the securitization process and the assignment of the mortgage.  The Southern District of Florida found that these allegations failed to state a claim to quiet title, noting that the transfer of the note did not render the mortgage invalid, and did not discharge the plaintiff's obligation to pay even if the transferor was paid in full.  <u>Rhodes</u>, 2012 WL 2504043, at * 3 n. 4 (citing Fla. Stat. § 673.3021).

The Court finds <u>Rhodes</u> to be persuasive precedent.  In this case, even if the Note has been transferred and severed from the Mortgage as the Mahans allege, such transfer and severance did not render the Mortgage null and void, and did not relieve them of the obligation to pay under the terms of the Mortgage, even if Suntrust received full value for its interest in the Note at the time of the severance and/or assignment of the Note, as a negotiable instrument, to Fannie Mae.  The Mahans' assertions, without more, simply do not create a cloud to title.  "It has repeatedly been held that a cloud is not created by a mere assertion, whether oral or in writing."  <u>Lane v. Guaranty Bank</u>, 2013 WL 1296751 at * 2 (M.D. Fla. Apr. 1, 2013).

(Doc. 17, pp. 12-13).   The Mahans have not asserted any facts or made any arguments[5] which would persuade the Court to reverse its prior disposition of this legal theory – indeed the facts alleged in the Amended Complaint are even sparser than in the prior pleading.  Dismissal of the Breach of Contract claim will be granted.

_____

[5]The Mahans' response in opposition (Doc. 27) to the Defendants' motion to dismiss  does them no favors.  It consists in large part of a verbatim recitation of the allegations contained in the Amended Complaint (Doc. 27, pp. 4-6), and citation to the Florida Rules of Civil Procedure (Id., pp. 3, 9), which have no application to a civil case being heard in federal court, see <u>Brown v. Nichols</u>, 8 F.3d 770, 773 (11th Cir. 1993) ("state law governs substantive issues, . . . while federal law governs pleading requirements.") (citations omitted).  The remainder of the response merely reiterates arguments that the Court previously rejected in its September 17, 2014 Order, such as possession of the original "wet ink" Note.  <u>See</u> Doc. 17, pp. 9-14, 20.  The Court thus finds the Mahans' response in opposition to be unpersuasive and will not afford it any further consideration.

## **Conclusion**

The Eleventh Circuit has held that in *pro se* cases, this Court cannot dismiss a complaint without first giving the plaintiff an opportunity to amend the complaint if a more carefully drafted pleading might state a claim.  See Van Taylor v. McSwain, 335 Fed. Appx. 32, 33 (11th Cir. 2009); Bank v. Pitt, 928 F.2d 1108, 1112 (11th Cir. 1991). In this case, the Mahans have been afforded a chance to amend, edit, and supplement their complaint, have been given specific instructions from this Court detailing the deficiencies of their pleading, and have been advised on how to correct the deficiencies, and yet the Mahans have still failed to state a coherent, plausible claim on which relief may be granted.  Instead, the Mahans chose to ignore the dictates of the Court's September 17, 2014 Order, and have again asserted claims that have no basis in law or fact.

Although the Court should afford leniency to *pro se* litigants, such leniency cannot extend *ad infinitum.*  See Grew v. Hopper, No. 2:07–cv–550–FtM–34SPC, 2008 WL 114915, at *2 (M.D. Fla. Jan. 9, 2008); Beckwith v. Bellsouth Telecomms., Inc., 146 F. App'x 368, 371 (11th Cir. 2005).  It is now clear that any further opportunities afforded to the Mahans to amend their complaint would be futile, and a waste of judicial resources.  See Foster v. Select Medical Corp., Inc., No. 6:11-cv-1234-Orl-37TBS, 2013 WL 764780 (M.D. Fla. Feb. 28, 2013); Cowan v. Gaffney, No. 2:07-cv-184-FtM-

29SPC, 2010 WL 148729 (M.D. Fla. Jan. 12, 2010).  Dismissal of this case without leave to amend is therefore appropriate.

Accordingly, upon due consideration the Defendants' Dispositive Motion to Dismiss Plaintiffs' Amended Complaint (Doc. 26) is GRANTED.  The Mahans' Amended Complaint (Doc. 25) is hereby DISMISSED WITH PREJUDICE and without leave to amend.  The Clerk is directed to enter judgment dismissing this case in its entirety, to terminate all pending motions, and to close the file.

IT IS SO ORDERED.

DONE and ORDERED at Ocala, Florida this 8th day of June, 2015.

UNITED STATES DISTRICT JUDGE

Copies to:   Counsel of Record
             Greg Mahan and Judy Mahan, *pro se*
             Mari Jo Taylor